Reese, J.
delivered the opinion of the court.
Various grounds of error have been alleged here on the part of the plaintiffs, as 1st, that the bond produced does not appear to have been taken by and before the county court, and acknowledged and approved, &c, and the case in 9th Yerger is referred to. But in that case-the very point in'issue was the acknowledgment in the county court-, and it was shown negatively not to have been acknowledged, &c. Besides, the statute under which this bond was taken, directs only that it be approved by the county court and recorded. If it could be shown negatively riot to have been so approved, the case referred to in 9th Yer. p. 11, would embrace it.
2nd. The condition of the bond is that the collector shall pay and account for the county taxes, &c., without stating to the trustee of the county. But where a bond was made payable to the treasurer of Tennessee, there being then no such officer, this court held that the word West might be supplied before Tennessee, because the law designated the person to whom the payment should be made, which, in principle, we think controls the point before us.
3d. But it is said that the defendants below were entitled to have had the facts found by a jury, if- they so requested, and the record shows that such request was made; but it is said here, that this concession of a jury is contained in the 14th section of the act of 1835, ch. 15, which confers on the comptroller through the attorney general of the district on behalf of the State and in the name of the Governor, the right to make the motion-for State taxes and this motion was made on the following or 15th section, which contains no such concession. The provision is “that in all cases, at the request of the defendant, a jury shall be empannelled by the court, who shall find the facts before the judgment shall be rendered.” The comprehensive character of the phrase in all cases, and the reason of the thing applying with as much, if not greater force to county, than to State taxes, more than counteracts the argument arising from the mere order of place. Besides, if it were doubtful, the party claiming the concession should have all the benefit of the doubt, because claiming that mode of ascertaining disputed facts which is so congenial with common law right and the cherished principles of our .constitution. And the fact, that when the application for a jury trial was made, the jury had been discharged, can make no difference, for if the court had no power *424 to summon a jury of talismen, still a continuance should have been ordered.
For this reason we reverse the judgment of the circuit court, and remand the cause for further, proceedings.